## WHIPPLE *v.* ABBOTT.

Where A. gave W. an order on E. for apple trees, and E. refused to honor the order : held that the order would not become a money demand against A., the drawer, without a demand and refusal as provided by the Code, §959.

*Appeal from Louisa District Court.*

*Opinion by* GREENE, J.   Suit commenced by Charles H. Abbott against E. C. Whipple, on an order drawn by said Whipple on Geo. A. Ellsworth for " ten hundred and sev-

enty-two apple trees." The order was presented at the nursery of Ellsworth, the drawee, for payment, in July, 1852, and payment refused. Upon the trial this fact was proved, and the execution of the order admitted. This being all the proof adduced by plaintiff, the defendant demurred to the evidence, and moved for a non-suit on the ground that there was no demand of payment made to the maker of the order, and no notice of non-acceptance and non-payment by the drawee. The court overruled the demurrer and motion, and rendered judgment against Whipple.

The only question to be decided is : Was a demand upon the maker of the order necessary before it could be sued on as a money demand ?

By the Code, § 959, "no contract for labor, or for the payment or delivery of property—other than money,—in which the time of performance is not fixed, can be converted into a money demand, until a demand of performance has been made, and the maker refuses, or a reasonable time is allowed for performance."

The contract, or order, in this case does not fix the time of performance. Before suit could be brought for the value of the trees in money, a demand was necessary upon the maker. The drawee was not the maker ; he was not a party to the contract ; and consequently a demand of him was not a compliance with the above section. The fact that the order was presented to the drawee, and payment refused, does not deprive the maker of his right to pay the order in trees, unless a demand had been made upon him, and performance neglected. The drawee having had that number of trees in his hands subject to the order of the maker, and having refused payment, the maker's claim was converted into a money demand against him. But this circumstance alone did not change the liability of the maker to the payee. Upon the failure of the drawee, the maker was liable for the specific payment of the order, and its specific character

could not be converted into a money liability against him without the demand required by law.

Judgment reversed.

*Jacob Butler*, for appellant.

*Cloud* and *O'Connor*, for appellee.